## EL PUEBLO v. CEBULDÁN.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 453.—Resuelto en octubre 17, 1912.

DERECHO PENAL—ASESINATO—SUFICIENCIA DE LA ACUSACIÓN—OMISIÓN DE LAS PALABRAS ''SER HUMANO.''—Siendo necesario para que exista el delito de asesinato que el ser a quien se dió muerte sea un ''ser humano,'' es indudable que tal elemento es una alegación esencial en toda acusación de asesinato. Pero cuando, como en el caso de autos, la acusación comienza imputando al acusado el delito de asesinato por haber dado muerte a José Reyes Luciano, cuyo nombre significa que se trata de un ser humano y no de un animal, y además se alegan en la acusación los palabras ''acometiéndole y agrediéndole,'' etc., que lógicamente, únicamente pueden referirse a una persona y no a un animal, el no emplearse en la acusación las palabras ''ser humano'' no la hace fatalmente defectuosa, pues es evidente que se imputa al acusado el delito de asesinato por haber dado muerte ilegal a un ser humano y no a un animal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Benet.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La única cuestión que ha sido presentada en esta apelación es la que se refiere a la suficiencia de la acusación con arreglo a la ley. Alega el apelante que la acusación es defectuosa porque tratándose de establecer en ella la comisión de un delito de asesinato, no se expresa en la misma que la cosa o sér a quien se dió muerte fuera un sér humano.

El código exige que se exprese que el sér a quien se dió muerte sea un sér humano, y que ésta es una alegación esencial resulta claro del caso de *El Pueblo* v. *Lee Look,* 137 Cal., 590, que ha sido citado por el Fiscal. La corte, sin embargo, continúa expresando en dicho caso, que con esto no se quiere significar que haya de resolverse que una acusación por el

delito de asesinato no puede ser suficiente sin que se alegue de modo expreso en la misma, que la muerte se produjo en un sér humano, aunque aparentemente no había bastante motivo para hacer caso omiso de aquella parte comprendida en la definición del estatuto; que pudiera haber algún otro relato en la acusación del que necesariamente se dedujera que la muerte se había causado en un sér humano, en cuyo caso sería suficiente con hacer referencia al interfecto con un nombre que pudiera considerarse como el correspondiente a una persona, sin que fuera necesario hacer alguna otra alegación expresa, de que el interfecto era un sér humano; que en un caso, por ejemplo, en que se imputara al acusado la comisión de un delito de asesinato, o en el cual, como ocurre ordinariamente, se alega que el acusado "dió muerte y asesinó," puede deducirse razonablemente que la muerte se produjo en un ser humano, porque para que se cometa el delito de asesinato debe ocurrir la muerte de dicho sér. En el caso de Lee Look se alegó que la acusación que se presentó era un modelo de brevedad, si bien la acusación en ese caso simplemente imputaba al acusado haber cometido un delito grave (*felony*), y dado muerte con malicia premeditada a Lee Wing, no pudiendo establecerse de modo cierto si Lee Wing era un sér humano, un perro, o un caballo. La corte, no obstante, sugirió entre otras cosas que hubiera sido mejor haber usado en la acusación la palabra "asesinato" (*murder*), en vez de "delito grave" (*felony*).

En el caso sometido a nuestra consideración la acusación es como sigue:

"El Fiscal formula acusación contra Arturo Cebuldán, por un delito de asesinato en primer grado (*felony*), cometido de la manera siguiente:

"El citado Arturo Cebuldán, en la ciudad de Mayagüez, P. R., que forma parte de este Distrito Judicial, allá por el día 27 de abril de 1911, allí y entonces ilegal y voluntariamente, con malicia premeditada y propósito firme y deliberado y demostrando tener un corazón maligno y pervertido, dió muerte a José Reyes Luciano aco-

metiéndole y agrediéndole con un instrumento contundente e infi-
riéndole tres heridas en el cráneo que le causaron la muerte allí y
entonces.''

Resulta, por consiguiente, que se notificó al acusado que
se le acusaba de un delito de asesinato. También se le noti-
ficó que el nombre del sér asesinado era José Reyes Luciano,
el cual es de presumirse que sea el nombre de un sér humano
y que sería sumamente improbable que fuere el de un caballo
u otro animal. Además, el uso de las palabras ''acometién-
dole y agrediéndole'' proporciona un elemento adicional para
suponer que el sér a quien se dió muerte era una persona,
pues el delito de acometimiento y agresión no surge de un
caso en que ocurra una agresión criminal contra un animal.
Creemos que es una práctica mucho mejor el expresar clara-
mente en la acusación que la muerte o asesinato se cometió
en un sér humano, pero atendiendo a todas las circunstancias
de este caso, resulta que el acusado fué debidamente infor-
mado del hecho de que José Reyes Luciano era un sér humano,
debiendo, por lo tanto, confirmarse la sentencia condenatoria.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, del Toro y Aldrey.